IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANDREW JASON KUHN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL,[1] )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | 1:16CV1282 |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Andrew Jason Kuhn ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

I.     PROCEDURAL HISTORY

Plaintiff protectively filed his application for DIB on December 10, 2012, alleging a disability onset date of September 1, 2010. (Tr. at 17, 156, 297-300.)[2] His claim was denied initially (Tr. at 125-36, 184-87), and that determination was upheld on reconsideration (Tr. at

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Record [Doc. #6].

137-52, 190-92). Thereafter, Plaintiff requested an administrative hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 193-95.) Plaintiff, represented by an attorney, attended the subsequent hearing on May 28, 2015. (Tr. at 156.) The ALJ ultimately concluded that Plaintiff was not disabled within the meaning of the Act. (Tr. at 168.) However, on January 11, 2016, the Appeals Council remanded the matter to the ALJ to obtain vocational expert testimony. (Tr. at 174-76.) Plaintiff therefore attended a second hearing on May 26, 2016, along with his attorney, a non-attorney representative, and an impartial vocational expert. (Tr. at 15.) Following the hearing, the ALJ again concluded that Plaintiff was not disabled. (Tr. at 29.) On September 1, 2016, the Appeals Council denied Plaintiff's request for review of that decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 1-4).

## II. LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of [the] review of [such an administrative] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993)

(quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

3

to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).³

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first two steps, and establishes at step three that the impairment "equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations," then "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed

---

³ "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

4

impairment, the ALJ must assess the claimant's residual function[al] capacity ('RFC')." Id. at 179.[4] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

## III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" between September 1, 2010, his alleged onset date, and December 31, 2014, his date last insured. Plaintiff therefore met his burden at step one of the sequential evaluation process.

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that pursuant to the administrative regulations, the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

At step two, the ALJ further determined that Plaintiff suffered from the following severe impairments: degenerative disc disease, diabetes mellitus, asthma, mood disorder, post-traumatic stress disorder, and a history of cocaine abuse. (Tr. at 17.) The ALJ found at step three that none of these impairments, either individually or in combination, met or equaled a disability listing. (Tr. at 17-19.) Therefore, the ALJ assessed Plaintiff's RFC and determined that he could perform light work with myriad additional postural, environmental, and mental limitations. (Tr. at 19.) Based on this determination, the ALJ determined at step four of the analysis that Plaintiff could not perform any of his past relevant work. (Tr. at 27.) However, the ALJ found at step five that, given Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert as to these factors, he could perform other jobs available in the national economy. (Tr. at 28-29.) Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. at 29.)

Plaintiff now challenges the ALJ's decision in four respects. Specifically, he argues that the ALJ (1) failed to properly weigh the medical opinion evidence related to Plaintiff's mental impairments, (2) failed to adequately consider the disability determination from the Department of Veterans Affairs (the "VA"), (3) relied on a flawed question to the vocational expert, and (4) failed to properly evaluate Plaintiff's testimony. After a thorough review of the record, the Court agrees that the ALJ failed to properly consider the VA disability determination, and remand is required. Accordingly, the Court need not consider the additional issues raised by Plaintiff.

As provided at 20 C.F.R. § 404.1504 and further explained in Social Security Ruling ("SSR") 06-03p, "a determination made by another agency that [the claimant is] disabled or

blind is not binding on" the Social Security Administration ("SSA"). Rather, "the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner." Social Security Ruling 06-03p, Titles II and XVI: Considering Opinions And Other Evidence From Sources Who Are Not "Acceptable Medical Sources" In Disability Claims; Considering Decisions On Disability By Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, at *6 (Aug. 9, 2006) ("SSR 06-03p"). Nevertheless, the SSA is "required to evaluate all the evidence in the case record that may have a bearing on [its] determination or decision of disability, including decisions by other governmental and nongovernmental agencies." [5] Id. at *6. Therefore, "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Id. at *6. Moreover, "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases." Id. at *7.

In Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit clarified the Commissioner's obligations under 20 C.F.R. § 404.1504 and SSR 06-03p. Specifically, the Fourth Circuit held that "in making a disability determination, the SSA must give substantial weight to [another agency's] disability rating," and "an ALJ may give less

---

[5] As discussed further above, for claims filed after March 27, 2017, these regulations have been amended and Social Security Ruling 06–03p has been rescinded. The new regulations provide that the Social Security Administration "will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits," 20 C.F.R. § 416.904; 82 Fed. Reg. 5844 (Jan. 18, 2017); 82 Fed. Reg. 15263-01 (Mar. 27, 2017). In rescinding SSR 06–03p, the Social Security Administration noted that for claims filed on or after March 27, 2017, "adjudicators will not provide any articulation about their consideration of decisions from other governmental agencies and nongovernmental entities because this evidence is inherently neither valuable nor persuasive to us." 82 Fed. Reg. 15263-01. However, the claim in the present case was filed before March 27, 2017, and the Court has therefore analyzed Plaintiff's claims pursuant to the guidance set out above

7

weight to [that agency's] disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Bird, 699 F.3d at 343 (emphasis added).

In the present case, the ALJ in his decision stated that he "considered" Plaintiff's VA disability rating, but assigned this rating little weight. (Tr. at 26.) In explaining the basis for his finding, the ALJ solely relied on the differences between the VA and SSA disability systems. (Tr. at 26.) However, as this Court has previously explained, "citing to 'different rules and different standards' as a rationale to give less than substantial weight to a VA disability determination is not enough, because such a rationale would apply to every case, and thus cannot clearly demonstrate a reason for departing from the Bird presumption." Hildreth v. Colvin, No. 1:14CV660, 2015 WL 5577430, at *4 (M.D.N.C Sept. 22, 2015) ("The ALJ's assessment of Plaintiff's VA disability ratings runs afoul of Bird in two significant respects. First, the ALJ's statement that she was 'not bound by' the VA's disability ratings because the VA's disability standards differed from those of the Social Security Administration disregards Bird's holding to the contrary that, '[b]ecause the purpose and evaluation methodology of both programs are *closely related*, a disability rating by one of the two agencies is *highly relevant* to the disability determination of the other agency.' . . . Second, the ALJ failed to identify *any* grounds (let alone grounds that would amount to a clear demonstration under Bird) for affording the VA ratings less than substantial weight." (emphasis in original)).

In response, Defendant notes that the Social Security Administration has recently revised its rules and no longer requires ALJs to include any analysis when discounting decisions by other agencies. (See Def. Br. [Doc. #12] at 10-11 (citing to Notice of Proposed Rulemaking, 81 Fed. Reg. 62560-01, 2016 WL 4702272 (Sept. 9, 2016)).) However, the

proposed rulemaking cited by Defendant was ultimately reflected in amendments 20 C.F.R. § 404.1504, and the amended regulation expressly applies only to "claims filed . . . on or after March 27, 2017." 20 C.F.R. § 404.1504. Similarly, SSR 06-03p was rescinded effective March 27, 2017, because it was inconsistent with the new rule. See 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017) (noting that SSR 06-03p was being rescinded because it "is inconsistent with the final rules" for claims filed on or after March 27, 2017). Plaintiff's 2012 disability application clearly predates this change; as such, Defendant's contention is inapposite.

Defendant also contends that the ALJ's decision should be upheld because "the [VA] rating decision was inconsistent with the overall evidence of record, which the ALJ discussed on the preceding pages." (Def.'s Br. at 11.) Defendant then details medical evidence discussed elsewhere in the ALJ's decision. However, the ALJ himself did not find that the VA rating decision was inconsistent with the evidence of record, and the ALJ's decision does not rely on or explain such a determination. Similarly, Defendant also contends that the VA disability determination did not include a functional analysis and did not discuss specific treatment notes, but the ALJ did not make those findings or rely on that rationale. The Commissioner's attempt to supply after-the-fact rationalizations fails to remedy the ALJ's omission. See Sec. & Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 87 (1943) (courts must review administrative decisions on the grounds upon which the record discloses the action was based).[6] In the

---

[6] In Anderson v. Colvin, No. 1:10CV671, 2014 WL 1224726 (M.D.N.C. Mar. 25, 2014) the Court noted that "[r]eview of the ALJ's ruling is limited further by the so-called '*Chenery* Doctrine,' which prohibits courts from considering *post hoc* rationalizations in defense of administrative agency decisions. . . . Under the doctrine, a reviewing court 'must judge the propriety of [agency] action solely by the grounds invoked by the agency. . . . If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.' " Id. at *1 (quoting Sec. & Exch. Comm'n

9

instant case, as noted above, the ALJ relied solely on differences between the VA and SSA disability systems in discounting the VA determination, without making any case-specific determinations or findings. As set out above, such a generic rationale is insufficient under the regulations and case law applicable at the time. Thus, substantial evidence fails to support the ALJ's decision, and remand is required.[7]

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). Defendant's Motion for Judgment on the Pleadings

---

v. Chenery Corp., 332 U.S. 194 (1947)). In applying this doctrine in Anderson, the Court noted that "jurisprudence on this issue is far from clear," and "this court will err on the side of caution" and avoid "excessive intrusion into the ALJ's domain." Id. at *3.

[7] The Court also notes that Plaintiff raises significant issues regarding the ALJ's treatment of the opinion evidence in this case. In particular, Plaintiff notes that the ALJ gave little weight to the treating physician opinions from his two treating psychiatrists, Dr. Cotoman and Dr. Shrestha, and instead gave significant weight to a 2013 consultative examination by Dr. Steinmuller. Plaintiff further notes that in giving little weight to the opinion of Dr. Cotoman, the ALJ stated that Dr. Cotoman's opinion was inconsistent with the treatment notes which reflected that Plaintiff's thought processes were consistently linear and organized and his memory was good. (Tr. at 26.) However, those same treatment notes reflect that Plaintiff was depressed and anxious, with poor insight, poor judgment, and only "fair" impulse control. (Tr. at 764, 833, 868, 2334.) In addition, Plaintiff notes that Dr. Steinmuller's report, which the ALJ gave significant weight, did not include any opinion regarding functional limitations, and instead opined only that more neuropsychological testing was needed. (Tr. at 2222.) Specifically, Dr. Steinmuller's report reflects that Plaintiff had significant difficulties with the cognitive examination and also reported a history of special education classes, and Dr. Steinmuller concluded that it was "unclear if [Plaintiff] is having cognitive interference from his medication, from depression, form some other source or if there is a component of exaggeration or malingering. Further evaluation with neuropsychological testing is recommended." (Tr. at 2220, 2222.) However, no additional neuropsychological testing was conducted, and the ALJ instead imputed to Dr. Steinmuller a finding of "exaggeration," and then relied on that imputed finding to undermine the treating physician opinion evidence and Plaintiff's credibility. This analysis raises concerns both with respect to the mischaracterization of Dr. Steinmuller's findings and with respect to the failure to conduct recommended neuropsychological testing, particularly given Plaintiff's significant difficulties with the cognitive exam and his report of attending only special education classes after repeating second grade. (Tr. at 2220.) The Court need not address this issue further at this time, given the need for a remand for the reasons set out above.

[Doc. #11] should be DENIED, and Plaintiff's Motion to Reverse the Decision of the Commissioner [Doc. #8] should be GRANTED to the extent set out herein.

This, the 19th day of March, 2018.

   /s/ Joi Elizabeth Peake     
United States Magistrate Judge